1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN J. NIEDERMIER,

                    Plaintiff,

          v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                    Defendant.

CASE NO.     C07-5224BHS

REPORT AND
RECOMMENDATION

Noted for December 21, 2007

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by Mathews, secretary of H.E.W. v. Weber, 423 U.S. 261 (1976).  This matter has been fully briefed.  In response to Plaintiff's Opening Brief, Defendant concedes that the matter should be remanded pursuant to sentence six of 42 U.S.C. § 405(g) for further proceedings.  In reply, Plaintiff argues "remand would constitute a further abuse of discretion."   Accordingly, the only issue before the court is whether or not remand at this point is an appropriate remedy.  After reviewing the record, the undersigned recommends that the Court remand the matter for further proceedings.

FACTUAL AND PROCEDURAL HISTORY

Plaintiff, Brian Neidermier,  was born in 1962.  Tr. 53.  He was 44 years old when the ALJ issued her decision in September 2006.  Plaintiff completed 2 years of college, had vocational training in mechanics, and has past relevant work experience as a construction worker, photographer, carpenter, general clerk/office helper, laundry sorter, motel cleaner, fast-food worker, warehouse laborer, census

1    taker, landscape maintenance, and mail sorter. Tr. 70, 255.  At the July 2006 hearing, Plaintiff testified

2    that he had done construction work for most of his life and continued to work intermittently. Tr. 213.

3         Plaintiff alleges disability due to mental limitations caused by a motor vehicle accident and a

4    severe injury to his skull.   Plaintiff has previously applied for social security benefits.  In July 1992, the

5    Commissioner denied Plaintiff's previous application for Social Security disability benefits. Tr. 127-28.

6    This initial determination became final and binding absent a request for reconsideration. 20 C.F.R. §§

7    404.905, 416.1405.  In October 2003, Plaintiff filed concurrent applications for disability insurance

8    benefits and Supplemental Security Income disability benefits under Titles II and XVI of the Social

9    Security Act (Act), 42 U.S.C. §§ 401-34, 1381-83f. Tr. 53-55, 182-87. He alleged disability since April 1,

10   1990, due to back and neck pain and an inability to focus. Tr. 53, 64, 183. After the Commissioner denied

11   his applications initially and on reconsideration, Plaintiff requested a hearing before an administrative law

12   judge (ALJ). Tr. 21-23, 25-26, 189-92, 194-95.  On June 1, 2006, an ALJ held a hearing; Plaintiff did not

13   appear, but the ALJ took testimony from a vocational expert. Tr. 196-205. On July 26, 2006, the ALJ held

14   another hearing and took testimony from Plaintiff, pro se, and a vocational expert. Tr. 206-64.  On

15   September 29, 2006, the ALJ issued a decision finding Plaintiff not disabled. On March 13, 2007, the

16   Appeals Council's denial of review made the ALJ's decision the Commissioner's final decision. 20

17   C.F.R. §§ 404.981, 416.981, 422.210.

18        This matter was initiated by Mr. Niedermier on May 4, 2007.  The court notes Plaintiff is

19   representing himself in this matter and after directing him to file an Opening Brief the court received a

20   pleading consisting of one-page with an attachment (a nine-page report prepared by Dr. Rober Schneider,

21   dated January 14, 2004 (Doc. 12).   In response, Defendant takes the position that the report from Dr.

22   Schnieder is new evidence warranting a remand for consideration by the administration.  Mr. Niedermier

23   does not present any argument persuading the court to deny the administration the opportunity to properly

24   consider the new evidence.

25                                    <u>DISCUSSION</u>

26        The decision whether to remand a case for further proceedings or simply to award benefits is

27   within the discretion of the court.  <u>Harman v. Apfel</u>, 211 F.3d 1172, 1176-1178 (9th Cir. 2000).  An

28   award of benefits is appropriate when no useful purpose would be served by further administrative

proceedings, or when the record has been fully developed and there is not sufficient evidence to support the ALJ's conclusion. <u>Rodriguez v. Bowen</u>, 876 F.2d 759, 763 (9th Cir. 1989). Remand is appropriate where additional administrative proceedings could remedy defects. <u>Id.</u>; <u>Bilby</u> <u>v. Schweiker</u>, 762 F.2d 716, 719 (9th Cir. 1985) (*citing* <u>Kail v. Heckler</u>, 722 F.2d 1496, 1497 (9th Cir. 1984)). Where remand would only delay the receipt of benefits, judgment for the claimant is appropriate. <u>Rodriguez</u>, 876 F.2d at 763.

A court may remand a Social Security disability case under either sentence four or sentence six of 42 U.S.C. § 405(g). <u>Hoa Hong Van v. Barnhart</u>, 483 F.3d 600, 605 (9th Cir. 2007). A sentence-four remand is essentially a determination that the Commissioner erred in some respect in denying benefits. <u>Id.</u> (citations omitted). The court may order a sentence-six remand if the Commissioner requests a pre-answer remand or on the basis of new, material evidence presented to the court that was for good cause not presented to the Commissioner during the administrative proceedings. <u>Id.</u>  In a sentence-six remand, the court does not rule in any way on the correctness of the Commissioner's decision, but orders the Commissioner to consider the new evidence on remand and return to court with the updated record and decision. <u>Melkonyan v. Sullivan</u>, 501 U.S. 89, 98 (1991).

Here, Plaintiff submitted new, material evidence to this Court: the January 2004 report from Dr. Schneider, an examining psychologist. Dr. Schneider diagnosed Plaintiff with a cognitive disorder secondary to a traumatic brain injury and stated it was very unlikely he could sustain gainful employment. Pages 8-9. Dr. Schneider's report is new evidence because it was not presented to the Commissioner during the administrative proceedings.  It is material because it bears directly and substantially on the matter in dispute, and there is a reasonable probability that it would have changed the outcome of the Commissioner's decision. <u>Bruton v. Massanari</u>, 268 F.3d 824, 827 (9th Cir. 2001).

Defendant does not oppose Plaintiff's probable contention that he has good cause for not submitting Dr. Schneider's report to the Commissioner during  the administrative proceedings.  Because Dr. Schneider's report is new and material evidence, and because Defendant does not contest good cause for its late submission, this Court should remand this case for further administrative proceedings under sentence six of 42 U.S.C. § 405(g).

<u>CONCLUSION</u>

Based on the foregoing, the undersigned recommends that the Court REMAND the matter to the

administration for further review. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **December 21, 2007**, as noted in the caption.

DATED this 28th day of November, 2007.

/s/ J. Kelley Arnold
J. Kelley Arnold
U.S. Magistrate Judge

REPORT AND RECOMMENDATION
Page - 4